UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY ALAN EBERLY,

Petitioner,

v.

A. GONZALVES,

Respondent.

No. 2:25-cv-03029 DAD SCR

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS ACTION WITHOUT PREJUDICE

(Doc. No. 6)

Petitioner, a state prisoner proceeding *pro se*, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 25, 2025. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On September 28, 2026, the assigned magistrate judge issued findings and recommendations recommending that the pending habeas action be dismissed without prejudice as an unauthorized second or successive petition over which this court lacked jurisdiction. (Doc. No. 6.)

Those findings and recommendations were served on petitioner at his address of record and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 2.) No objections to the findings and recommendations were filed by petitioner, nor has he otherwise communicated with the court, and the time in which to do so has passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

In addition, the court declines to issue a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). Where, as here, the petition is dismissed on procedural grounds, a certificate of appealability should issue if the prisoner can show: (1) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling; and (2) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The court concludes that reasonable jurists would not find the court's dismissal of the petition without prejudice to be debatable, wrong, or deserving of encouragement to proceed further.

Accordingly:

1. The findings and recommendations issued September 28, 2026 (Doc. No. 6), are adopted in full;
2. This action is dismissed as an unauthorized second or successive petition without prejudice to its refiling after obtaining the required authorization from the United States Court of Appeals for the Ninth Circuit;
3. The Court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 1, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE